UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE MARGARET-ANN HORNER,

        Plaintiff,                         Case No. 2:25-cv-10792

v.                                             Hon. Brandy R. McMillion
                                                     United States District Judge

STATE OF MICHIGAN, *et al.*,

        Defendant.
_____/

**<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>**

    Plaintiff Stephanie Margaret-Ann Horner ("Horner") filed this *pro se* civil action against Defendant the State of Michigan ("the State") alleging an Eighth Amendment Constitutional violation relating to a child custody dispute and allegations of harassment, threats, and intimidation. *See generally* ECF No. 1. She has also filed an application to proceed without the prepayment of fees or costs (*in forma pauperis*). ECF No. 2. For the reasons below, this case is **SUMMARILY DISMISSED** and Horner's request to proceed *in forma pauperis* is **DENIED AS MOOT**.

I.

    As best the Court can discern from a review of the Complaint, Horner alleges that she has been subjected to "cruel and unusual punishment," as the State, through

1

Child Protective Services ("CPS") Worker Kiah Buckman ("Buckman"), has harassed and intimidated her. *See* ECF No. 1, PageID.5, 7. She claims that her children have been coerced and tortured and subjected to a forced adoption. *Id.* at PageID.5. Horner also alleges that Buckman's family has threatened her and her children. *Id.* at PageID.5, 7. As a result of this conduct, Horner brings a constitutional claim under the Eighth Amendment. *Id*. at PageID.4. She seeks $75,000 for "emotional distress and pain and suffering," a transfer of the child custody case to this Court for an administrative hearing, and her children's placement "to be moved immediately." *Id.* at PageID.6.

## II.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The Sixth Circuit has reaffirmed that the *Rooker-Feldman* doctrine applies to interlocutory state court orders as well. *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021). Federal courts have explicitly found that they lack jurisdiction under *Rooker-Feldman* to address a complaint that seeks review of a child custody order issued by a state court. *See Hancock v. Miller*, 852 F. App'x 914, 922 (6th Cir. 2021) (*Rooker-Feldman* bars review of any alleged harms that are the "product of a state court judgment") (citation omitted); *Evans v. Klaeger*, 12 F. App'x 326, 327 (6th Cir. 2001) (dismissing §1983 civil rights case which was essentially an impermissible appeal of a state court judgment where claims were specific grievances regarding decisions of the state domestic relations court in a child custody matter).

Additionally, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss *in forma pauperis* complaints if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The

3

Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *See Neitzke*, 490 U.S. at 327.

Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction…means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). "Nor may the Court "conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  To state a federal civil rights claim, Plaintiff must allege that she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).  However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

### III.

Horner's claims, in part, appear to relate to a pending child custody case in state court.  However, this Court is not the proper forum to raise issues appealing decisions related to state court child custody proceedings.  The *Rooker-Feldman* doctrine prohibits this Court from reviewing state court judgments, even those which would be considered interlocutory.  *RLR Investments*, 4 F.4th at 396.  To the extent that Horner is disputing any of the terms of the child custody orders in this case, or the actions that flow therefrom, she is entitled to raise those in the appellate jurisdiction of Michigan state courts.  This Court is simply not the proper forum and lacks jurisdiction to grant any relief from those orders.  *Hancock*, 852 F. App'x at

922; *Evans*, 12 F. App'x at 327. Therefore, Horner's request to transfer the child custody proceedings to this Court and the change in placement of her children must be denied.

Even if the Court were to exercise jurisdiction, the case must be dismissed against the State of Michigan because it is immune from suit. The Eleventh Amendment protects states and their departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits challenging constitutional violations, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, the State of Michigan is protected by Eleventh Amendment immunity and must be dismissed from the suit.

Similarly, to the extent that Horner is asserting any claims against Kiah Buckman, they also should be dismissed under the doctrine of qualified immunity or because they fail to state a claim upon which relief can be granted. First, a state employee is only prevented from claiming qualified immunity upon a showing that (1) their acts violated a constitutional right and (2) the right at issue was clearly established at the time of the defendant's alleged misconduct. *Barker v. Goodrich*,

6

649 F.3d 428, 433 (6th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Horner claims her Eighth Amendment rights were violated but the Eighth Amendment protects against cruel and unusual punishment, primarily in the context of criminal justice and punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (applying the Eighth Amendment to prison conditions); *Villegas v. Metro; Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (discussing the scope of the Eighth Amendment protections). Horner's allegations pertain to alleged harassment, threats and intimidation, which do not fall under the purview of the Eighth Amendment. *See* ECF No. 1 at PageID.5, 7. The Eighth Amendment is inapplicable to those claims, and therefore the Court must dismiss for failure to state a claim. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (limiting the Eighth Amendment to criminal punishment). Additionally, to the extent Horner raises claims against Buckman in her capacity as a CPS worker who acted in the course of her employment in the child custody case, those claims should be dismissed from the case based on qualified immunity.

## IV.

This Court lacks jurisdiction to hear any claims that challenge child custody orders of the State. Further, the State of Michigan and Buckman are immune from suit under the Eleventh Amendment and the doctrine of qualified immunity. And dismissal is warranted because Horner fails to state a claim upon which relief can be

7

granted for an Eighth Amendment violation. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* Fed. R. Civ. P. 12(b)(1).

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE**. Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

Dated: March 25, 2025            s/Brandy R. McMillion
    Detroit, Michigan          HON. BRANDY R. MCMILLION
                                                United States District Judge